

**THOMPSON & SKRABANEK, PLLC**

NEW YORK

June 9, 2023

<u>Via ECF</u>

Honorable Judge Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Radix et al., v. Kensington International Inc. et al.;* Case No. 1:22-cv-06632

Dear Judge Block:

      We represent Plaintiffs in the above-referenced case. We write pursuant to Section 2.A of Your Honor's Individual Practices and Rules to request a pre-motion conference to move for dismissal of three of Defendants Ricardo Black and Ultimate Better World Solutions LLC's (together, "UBWS Defendants") counterclaims against Plaintiffs Cheryl Radix, Audra Heaven, and Jigar Patel ("Plaintiffs") under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). UBWS Defendants have asserted counterclaims for malicious prosecution, breach of contract, fraudulent inducement and contribution. We submit that the first three of these claims fail to state a cause of action. For the Court's reference, we have attached the Counterclaims as Exhibit A hereto (excerpts from Defendants' Answer at ECF 15).

      UBWS Defendants' claim for malicious prosecution should be dismissed because it requires a showing that the civil action was "begun with malice" and "without probable cause to believe it can succeed," and, most importantly, such action "ends in failure or, in other words, terminates in favor of the [malicious prosecution] plaintiff." *See, e.g., Huerta v. 101 N. Laundromat Inc.*, 2023 WL 199699, at *2 (E.D.N.Y. Jan. 17, 2023). Here, UBWS Defendants merely speculate that the present lawsuit "will ultimately be terminated and decided in favor of the Counterclaim Plaintiffs." *See* Answer and Counterclaims (ECF No. 15) at ¶ 333. UBWS Defendants have failed to and cannot plead that this still-pending action has terminated in their favor. Black-letter law on this issue compels dismissal. *See, e.g., Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir. 1998).

      UBWS Defendants' second and third counterclaims—for fraudulent inducement and breach of contract—should both be dismissed under Fed. R. Civ. P. 12(b)(1) because these claims are expressly asserted on behalf of "prospective investors" (Ex. A, ¶ 341) who the Kensington Enterprise (i.e., other defendants in this case) targeted. UBWS Defendants obviously lack standing to assert these claims. There does not appear to be any allegation that UBWS Defendants (as

opposed to the "prospective investors") suffered actual harm or injury from the allegedly fraudulent representations. Similarly, UBWS Defendants' breach of contract claim seems to lack any allegation that there was even a contract between Plaintiffs and UBWS Defendants. The claims are nonsensical when asserted by UBWS.

We have made strenuous efforts to negotiate with UBWS Defendants' counsel for a withdrawal of these three claims, going so far as to detail the above-reference defects in multiple calls and emails. UBWS Defendants' counsel has indicated a willingness to withdraw the second and third counterclaims but has refused to withdraw the claim for malicious prosecution. We hope this issue can be resolved by further discussion at pre-motion conference rather than through internecine motion practice.

For the reasons detailed above and others, Plaintiffs respectfully request that the Court schedule a pre-motion conference to address their proposed motion to dismiss.

Respectfully submitted,

_____
John J. Thompson, Esq.
Partner

_____
Mastewal T. Terefe, Esq.
Associate

THOMPSON & SKRABANEK, PLLC
42 W. 38th Street, Suite 1002
New York, NY 10018
T: (646) 568-4280 ext. 701
M: (206) 920-3018
jt@ts-firm.com
mterefe@ts-firm.com

*Attorneys for Plaintiffs*

Enclosures:
- Ex. A – UBWS Defendants' Counterclaims (excerpts of Defendants' Answer at ECF 15)

