

## THOMPSON & SKRABANEK, PLLC

### NEW YORK

515 MADISON, 31ST FLOOR, NEW YORK, NEW YORK 10024 | (646) 568-4280 | CONTACT@TS-FIRM.COM

March 1, 2026

*Via ECF*

Honorable Judge Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Radix et al. v. Kensington International Inc. et al.;* Case No. 1:22-cv-06632
       <u>Status Update and Request for Various Relief</u>

Dear Judge Levy:

We represent Plaintiffs in the above-referenced case. We write to provide a general status update and to request certain relief as follows: (i) a pre-motion conference for leave to file a motion to amend strictly to add a new defendant; (ii) leave to re-attempt service on a single current defendant under Rule 4(m); and (iii) a limited extension of the discovery deadline solely for continued third-party discovery. We are prepared to discuss these topics further at our upcoming conference at 10 AM on March 4, 2026.

### I.    General Status Update

Plaintiffs have been making progress in discovery in this RICO action alleging a complex scheme of real estate and investment fraud, which involves many individuals and entities. Today, March 1, 2026, is the deadline for all discovery, and Plaintiffs are prepared to certify the close of discovery as against the only appearing Defendants in this case: Ricardo Black and Ultimate Better World Solutions LLC (although, as further detailed below, Plaintiffs will request that the Court permit continued Third Party Discovery).

Plaintiffs' current intention is to complete the items listed below and then file a motion for default judgment. Plaintiffs are also considering seeking attachment of certain properties as interim relief.

### II.    Leave to Amend to Add a Defendant

Plaintiffs request a pre-motion conference (per Local Rule 7.1(d)) to file a motion to amend the pleadings, for the sole purpose of adding a single defendant. Plaintiffs respectfully propose that the upcoming conference in this matter on March 3, 2026, be deemed the pre-motion conference.

Through recent discovery, Plaintiffs have identified an additional individual who played a material role in the enterprise that was not fully understood at the time of the previous filing. This individual is Steven Gelin, brother of Defendant John Gelin. Steven Gelin's involvement was not initially apparent, but records procured through discovery and investigation show that: (1) he was involved in the formation of shell corporations used in furtherance of the scheme (including current Defendant Artists Solutions, LLC); (2) he is listed as a co-owner on a deed for at least one property that was purchased with Plaintiffs' funds, and (3) he currently resides or recently resided at the same location as John Gelin. Several Plaintiffs and witnesses also recall and/or have records of allusions by various Defendants to a "brother" of John Gelin who was reportedly playing a role in the organization. These may have been references to Steven Gelin.

Plaintiffs seek leave to amend strictly to add this individual and jurisdictional/factual details pertaining to him. Under Fed. R. Civ. P. 15(a), leave should be "freely given." Because these facts came to light through recent third-party productions and investigation, "good cause" exists under Rule 16(b) to modify the scheduling order, as Plaintiffs have acted with diligence in tracing the association.

Plaintiffs' motion will also request that the Court find that the Second Amended Complaint need not be re-served on defendants already in default. Under Fed. R. Civ. P. 5(a)(2), a pleading that asserts "new claims for relief" must be served on a party in default under Rule 4. However, where an amendment merely adds new parties and does not assert new legal theories or additional claims for relief against the existing defaulting parties, the exception applies. Furthermore, requiring Plaintiffs to re-serve all current Defendants with process would represent a major expense for Plaintiffs, most of whom were bankrupted by the Defendants' tortious conduct.

### III.    Extension of the Service Window (Rule 4(m))

Plaintiffs have also identified the current whereabouts of one defendant, Burke McFarland A/K/A Noel McFarland. Plaintiffs were not initially able to determine Defendant McFarland's exact legal name or address. However, bank records produced in discovery provided additional demographic details. We respectfully request that the Court re-open and extend the service window for an additional 60 days to allow for service of the Second Amended Complaint on Mr. McFarland. Given the complexity of the RICO enterprise and the efforts made to evade detection, good cause for this extension exists.

### IV. Limited Extension of Third-Party Discovery

While Plaintiffs have substantially completed discovery as to the two appearing defendants, several third-party subpoenas remain outstanding. Plaintiffs are also in active meet-and-confer processes with certain individuals and entities to secure documents in lieu of formal depositions. To that end, Plaintiffs request that the Court certify the close of party discovery, but grant a 90-day extension specifically for third party discovery.

We thank the Court for its continued time and attention to this matter.

2

Respectfully submitted,

John J. Thompson, Esq.
THOMPSON & SKRABANEK, PLLC
515 Madison Avenue, 31st Floor
(646) 568-4010
jt@ts-firm.com

*Attorneys for Plaintiffs*

3