THOMPSON & SKRABANEK, PLLC

NEW YORK

515 MADISON, 31ST FLOOR, NEW YORK, NEW YORK 10022 | (646) 568-4280 | CONTACT@TS-FIRM.COM

September 8, 2026

*Via ECF*

Honorable Frederic Block
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Radix et al. v. Kensington International*, Inc. et al.; Case No. 1:22-cv-06632
Request for Pre-Motion Conference or Leave to Proceed by Order to Show Cause

Dear Judge Block:

We represent Plaintiffs in the above-referenced action. Plaintiffs respectfully request a pre-motion conference, or, in the alternative, that the Court dispense with a conference and permit Plaintiffs to proceed by noticed Order to Show Cause, seeking an order of attachment under Fed. R. Civ. P. 64 and CPLR Article 62 against two New York real properties titled to Defendants Rhina Hernandez and Steven Gelin, together with a narrowly tailored temporary restraint preserving those properties pending the return date.

## I. Overview of Case.

This is a civil RICO and fraud action arising from a scheme through which Plaintiffs, five individual investors, were induced to furnish more than $900,000 (collectively) in what was represented to be a real estate investment opportunity. The operative Second Amended Complaint alleges that Defendants used a network of affiliated individuals and entities to solicit investor funds, misrepresent the nature and safety of the investment, divert investor money, and conceal the disposition of those funds.

All but two Defendants have failed to appear in this matter, which has been pending for more than three and a half years. Plaintiffs have conducted substantial party and third-party discovery under Magistrate Judge Levy's supervision and are now preparing default-related proceedings against non-appearing Defendants.

On or around June 16, 2026, two of the Defendants in this case—John Gelin and Kaolee Vang-Thao—were recently indicted in this district for the same alleged conduct. See Indictment, United States v. Gelin et al., No. 26-CR-157 (CBA) (E.D.N.Y. June 16, 2026); Press Release, U.S. Attorney's Office, E.D.N.Y., "Three Defendants Indicted in Brooklyn Federal Court for Real Estate Investment Scheme" (June 16, 2026).

## II. Defendants Whose Property Is Sought To Be Attached

Defendants seek attachment of two properties, each in relation to a particular non-appearing Defendant: Rhina Hernandez and Steven Gelin. Both hold title to the respective properties against which attachment is sought, and both properties are in New York City.

Ms. Hernandez has been a named Defendant in this case since it was first initiated. She was served by Court-authorized alternative service (certified mail to multiple addresses) in July and August of 2023 but has not appeared. A certificate of default has been obtained against her (Dkt. No. 28). Hernandez was the wife of John Gelin at all times relevant (and, upon information and belief, currently remains his wife). Plaintiffs allege that she participated in and profited from the scheme. Title records show that Hernandez is the titled owner of the real property located at 955 E. 95th Street, Brooklyn, New York (the "Hernandez Property"). A variety of evidence suggests that while John Gelin was orchestrating the scheme, he resided at the Hernandez Property. Other evidence suggests that Hernandez participated in the scheme to some extent. Plaintiffs' proposed motion will submit the deed, property records, proof of service, and evidence linking Hernandez and the Hernandez Property to the alleged scheme.

Defendant Steven Gelin was named as a Defendant in the Second Amended Complaint filed March 11, 2026. He was served earlier this year but has not appeared. The Second Amended Complaint alleges that Gelin was a party to at least one of the real estate transactions purportedly undertaken on behalf of the RICO enterprise. He is also alleged to have helped form and, upon information and belief, co-owned and controlled co-Defendant Artist Solutions, LLC (through which the Kensington Enterprise operated its "Artist Financial Program"). Public records show that he served as its agent for service of process and resided at the same address as John Gelin for at least part of the relevant period. Title records show that Gelin is the titled co-owner of the real property located at 3209 Snyder Avenue, Brooklyn, New York (the "Gelin Property"). The Gelin Property is a multifamily building that appears to house numerous tenants. Steven Gelin co-owns it with Maryse Gelin. Upon information and belief, Maryse Gelin is the mother of both Steven and John Gelin. Although Steven Gelin's involvement in the scheme was not immediately apparent, evidence gathered more recently shows that he was listed on the title of at least one of the properties procured by Plaintiffs' funds. There is also evidence suggesting that John Gelin has played a role in maintaining and renting the Gelin Property. Plaintiffs' proposed motion will likewise submit the deed, property records, proof of service, and the aforementioned evidence linking Steven Gelin to the alleged fraudulent scheme and linking John Gelin to the Gelin Property.

## III. Requested Relief

Plaintiffs do not seek an *ex parte* order of attachment. Rather, Plaintiffs request leave to proceed by noticed Order to Show Cause on an expedited schedule, with the signed OSC and all supporting papers served promptly on Hernandez, Gelin, and all appearing parties. Plaintiffs also request that the OSC include a temporary restraint, effective upon service of the signed OSC, prohibiting Hernandez, Steven Gelin, and any persons acting in concert with them from selling,

assigning, transferring, pledging, mortgaging, refinancing, encumbering, conveying, or otherwise disposing of or impairing any legal or beneficial interest in the Hernandez Property and Gelin Property pending the return date.

Rule 64 makes available in federal court the provisional remedies provided by the law of the state where the court sits, including attachment. Fed. R. Civ. P. 64. Under New York law, a plaintiff seeking attachment must show: (1) a cause of action for a money judgment; (2) probability of success on the merits; (3) a statutory ground for attachment under CPLR 6201; and (4) that the amount demanded exceeds all known counterclaims. CPLR 6212(a); *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F.4th 263, 269 (2d Cir. 2022); *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 318–19 (E.D.N.Y. 2009). Plaintiffs anticipate proceeding principally under CPLR 6201(3), which authorizes attachment where a defendant, with intent to defraud creditors or frustrate enforcement of a judgment, has assigned, disposed of, encumbered, secreted, or removed property from the state, or is about to do so.

Plaintiffs recognize that attachment is a substantial provisional remedy and that CPLR 6201(3) requires evidentiary facts, not merely allegations that the underlying case sounds in fraud. Plaintiffs do not assume 'guilt by association.' Plaintiffs' motion will be supported by affidavits and documentary evidence addressing the pleaded scheme, Plaintiffs' likelihood of success, Defendants' default and failure to appear, title ownership, the relationship between Hernandez/Gelin and the principal wrongdoers, and the basis to infer a risk that the properties may be transferred or encumbered to frustrate enforcement. Plaintiffs will also propose an undertaking in an amount fixed by the Court under CPLR 6212(b) and, to the extent applicable, Fed. R. Civ. P. 65(c).

The requested temporary restraint is limited. Plaintiffs are not seeking a general asset freeze, nor a restraint over accounts, personal property, or unrelated assets. The restraint would preserve only the two identified real properties while the Court determines the Rule 64 / CPLR Article 62 attachment application. Without such interim relief, the title-owner Defendants—who have been served, have defaulted, and have not participated in this case—could transfer, mortgage, refinance, or otherwise cloud title to the specific properties before the Court can adjudicate the attachment motion, thereby impairing the provisional remedy itself.

For these reasons, Plaintiffs respectfully request that the Court either schedule a prompt pre-motion conference or dispense with a conference and permit Plaintiffs to proceed by noticed Order to Show Cause. Plaintiffs propose the following schedule: (i) Plaintiffs file their OSC, supporting memorandum, declarations, exhibits, and proposed order by September 16, 2026; (ii) Plaintiffs serve the signed OSC and motion papers on Hernandez and Gelin by overnight courier and certified mail to their last-known addresses (the same addresses used for the Court-authorized alternative service on Hernandez) within 10 days after entry; (iii) opposition papers are due October 7, 2026; (iv) reply papers are due October 9, 2026; and (v) the Court hears the application on October 14, 2026 or such date as the Court may prefer.

No prior application for an order of attachment or temporary restraint against any party has been made in this case.

We thank the Court for its attention to this request.

Respectfully submitted,

John J. Thompson, Esq.
THOMPSON & SKRABANEK, PLLC
515 Madison Avenue, 31st Floor
New York, New York 10022
(646) 568-4010
jt@ts-firm.com

*Attorneys for Plaintiffs Cheryl Radix, Julian Carrington, Audra Heaven, Jigar Patel, and Achebe Sam*